**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARY JANE SCHEIBEL,**
        **Plaintiff,**

**-vs-**                                            **Case No. 6:09-cv-1249-Orl-28GJK**

**HUCKLEBERRY, SIBLEY & HARVEY**
**INSURANCE AND BONDS, INC., TERRY**
**L. JAMES, BARBARA VACCARO,**
        **Defendants.**
_____

## ORDER

This cause is before the Court on the Motion to Dismiss (Doc. 14) filed by Defendant Terry L. James ("James") and Defendant Barbara Vaccaro ("Vaccaro") (collectively, the "Individual Defendants") and the Motion to Dismiss (Doc. 15) filed by Defendant Huckleberry, Sibley & Harvey Insurance and Bonds, Inc. ("HSH"). Plaintiff, Mary Jane Scheibel, has filed a Consolidated Response (Doc. 21) thereto, and the matter is now ripe for adjudication.

Plaintiff filed a four-count Amended Complaint against Defendants, alleging discrimination (Count I) and retaliation (Count II) on the basis of a disability,[1] violations of the Family Medical Leave Act ("FMLA") (Count III), and Intentional Infliction of Emotional Distress ("IIED") (Count IV). (Am. Compl., Doc. 4). The Individual Defendants have moved to dismiss the IIED claim, arguing that Plaintiff's claims do not rise to the level of outrageousness sufficient to state a claim as a matter of law. (Doc. 14 at 4). To state a

---

[1] Plaintiff was diagnosed with breast cancer in July 2007. (Am. Compl. ¶ 22). In connection with this diagnosis, she underwent a bilateral mastectomy and chemotherapy treatment. (Id. ¶ 23).

claim for IIED, a plaintiff must allege facts sufficient to support a finding that the intentional conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Metro. Life Ins. Co. v. McCarson, 467 So. 2d 277, 278-79 (Fla. 1985). Whether the alleged conduct meets this exacting standard is a question for the court to decide as a matter of law. Vance v. S. Bell Tel. & Tel. Co., 983 F.2d 1573, 1575 n.7 (11th Cir. 1993). The Court finds that the facts as pleaded in the Amended Complaint do not rise to the requisite degree of outrageousness. Accordingly, the Individual Defendants' motion (Doc. 14) is granted, and Count IV is dismissed with prejudice.

HSH has moved to dismiss with prejudice Count III of the Amended Complaint—the alleged violations of the FMLA. The FMLA contains a two-year statute of limitations for private claims, 29 U.S.C. § 2617(c)(1), but this statute of limitations is extended to three years for claims brought "for a willful violation," id. § 2617(c)(2). HSH argues that because "Plaintiff has failed to allege any facts to support a claim for a willful FMLA violation" and because she did not file her initial complaint prior to the two-year limit, her claim is barred. (Doc. 15 at 2-3). The term "willful," however, is not specifically defined in the FMLA, nor has the U.S. Supreme Court or the Eleventh Circuit defined it in the FMLA context. The U.S. Supreme Court has held in the context of the Fair Labor Standards Act ("FLSA") that an employer has acted willfully when the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988). The McLaughlin Court also stated that "[i]f an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful . . . . If an

employer acts unreasonably, but not recklessly, in determining its legal obligation, then . . . [its actions] should not be . . . considered [willful.]" Id. at 135 n.13.  Because the FLSA and the FMLA use "willful" in "similar ways and in identical contexts," the First Circuit has applied the McLaughlin standard for willfulness to the FMLA.  Hillstrom v. Best Western TLC Hotel, 354 F.3d 27, 33-34 (1st Cir. 2003).[2]  This Court agrees with the Hillstrom court that the same standard of willfulness is to be used in both FLSA and FMLA cases and finds that Plaintiff has not alleged sufficient facts to support a claim of willfulness under such a standard. Accordingly, HSH's motion to dismiss (Doc. 15) is granted to the extent it seeks dismissal of Count III; however, Plaintiff will be granted an opportunity to amend her complaint.  Count III is hereby dismissed without prejudice.  Plaintiff is granted leave to file a second amended complaint on or before December 22, 2009.  If no amended complaint is filed by that date, the Court will dismiss the FMLA claims with prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 2nd day of December, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

---

[2]Numerous other circuits have followed the reasoning set forth by the Hillstrom court. See Henson v. Bell Helicopter Textron, Inc., 128 F. App'x 387, 392-93 (5th Cir. 2005); see also Bass v. Potter, 522 F.3d 1098, 1103-04 (10th Cir. 2008); Hoffman v. Prof'l Med Team, 394 F.3d 414, 417-18 (6th Cir. 2005); Porter v. N.Y. Univ. Sch. of Law, 392 F.3d 530, 531-32 (2d Cir. 2004); Hanger v. Lake County, 390 F.3d 579, 583 (8th Cir. 2004).